# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER JACOBS, individually and on behalf of all others similarly situated, | )<br>)<br>) Case No.: 18-cv-145 |
| Plaintiffs, | ) |
| v. | ) **COMPLAINT** |
| CENTRAL CREDIT SERVICES, LLC and DOES 1-10, | )<br>) **JURY DEMANDED** |
| Defendants. | ) |

Now comes the Plaintiff, JENNIFER JACOBS, by and through her attorneys, and for her Class Action Complaint against the Defendants, CENTRAL CREDIT SERVICES, LLC and DOES 1-10, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENTS

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully placing, through its agent(s), sales, solicitation and/or other automated telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to

private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

5. Persons, like Plaintiff herein, have no control to stop unsolicited automated telephone calls to their cellular telephones.

6. Plaintiff and the members of the proposed Class defined below received automated telephone calls to their cellular telephones, which were made without the consent of the recipients of said calls.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

2

8.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendants regularly conduct business throughout the Southern District of Ohio, and Plaintiff resides within the Southern District of Ohio.

## PARTIES

9.  Plaintiff is an individual who was at all relevant times residing in Cincinnati, Ohio.

10. On information and belief, Defendant CENTRAL CREDIT SERVICES, LLC ("CCS") is a limited liability company of the State of Florida, which is licensed to do business in Ohio, and which has its principal place of business in Jacksonville, Florida.

11. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

12. Defendants are each a "person" as defined in 47 U.S.C. § 153(39).

13. The true names and capacities of the Defendants sued herein as DOES 1-10 are currently unknown to Plaintiff, who therefore sues such Defendant by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend his complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14. On information and belief, at all times relevant hereto, Defendant CCS was engaged in the collection of debt and related services.

15. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts

3

and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if reiterated herein.

17. During or about September of 2016, Plaintiff purchased a GoPhone from AT&T.

18. AT&T GoPhones are prepaid phones that do not require that the user sign a contract with the network carrier.

19. The phone number Plaintiff received for the phone was one given to her by AT&T.

20. Immediately after activating her GoPhone, Plaintiff began receiving automated telephone calls from Defendant CCS.

21. CCS would call Plaintiff multiple times a day looking for an individual by the name of "Jeremy," who allegedly owed a debt that Defendants were attempting to collect.

22. During or about November of 2016, Plaintiff answered one of the calls made by Defendants and informed the caller that she had received this telephone number recently from AT&T and that the phone number no longer belonged to Jeremy.

23. During the November 2016 telephone conversation, Plaintiff expressly revoked any consent for CCS to place automated telephone calls to her cellular phone.

24. After about a week, CCS began placing more automated telephone calls to Plaintiff.

25. During or about December of 2016, Plaintiff and her husband switched their network carrier to Verizon Wireless, but Plaintiff was kept the telephone number she was given with her AT&T GoPhone.

26. During or about January of 2017, Plaintiff's husband, Justin Hopkins ("Hopkins"), answered the Plaintiff's cellular telephone when CCS called her.

27. Hopkins informed CCS that the number they were calling had been obtained by Plaintiff through an AT&T GoPhone and that the number no longer belonged to "Jeremy."

28. Hopkins also clearly revoked any consent for CCS to place automated telephone calls to Plaintiff's cellular phone.

29. During or about August of 2017, Plaintiff received two calls within an hour from CCS on her cellular telephone.

30. Plaintiff called CCS back directly on the telephone number that had displayed on her caller ID when CCS called her.

31. When Plaintiff called CCS, she spoke to a woman and again explained that she had been receiving multiple telephone calls from CCS and that she wished to make them stop.

32. The woman with whom Plaintiff spoke explained that although Plaintiff may have told CCS this previously, no one had removed her number from their call list.

33. Within a couple of hours, CCS called Plaintiff's cellular telephone number again. Plaintiff also received two other automated telephone calls from CCS to her cellular telephone during the course of that evening.

34. Since the date of the first call, Plaintiff has received, on average, two automated telephone calls a day from CCS despite the fact that on three separate occasions she and her husband have expressly revoked Plaintiff's consent for CCS to place those calls, if in fact any such consent ever existed.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class") defined as follows:

> All persons within the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

36. Plaintiff represents, and is a member of the Class, consisting of all persons in the United States who received automated telephone calls from Defendants within four years prior to the filing of this lawsuit, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent.

37. Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class and members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

38. The Class is so numerous that the individual joinder of all of the members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendants.

39. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

40. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' telephone numbers were called by Defendants using an automated telephone dialing system;

    b. Whether the Class members granted Defendants prior express consent to place such calls to them and/or whether they revoked any such consent; and

    c. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*

41. As a resident of the United States who received automated telephone calls, made by or on behalf of Defendants, without the consent of the recipient, and who was not the intended recipient of such calls, Plaintiff is asserting claims that are typical of the Class.

42. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class.

43. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

44. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties,

conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

45. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

46. Defendants have acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

47. Defendants failed to comply with the requirements of the TCPA, 47 U.S.C. § 227(b), as to the Class members with respect to the above-alleged transactions.

48. The TCPA, 47 U.S.C. § 227(b)(1)(B), provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States…to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party"

49. In multiple instances, Defendants placed automated telephone calls to the Class members, who had not granted Defendants prior express consent to place such calls to them and/or who had revoked any such consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

50. The size and definition of the Class can be identified through Defendants' records, Defendants' agents' records, and other readily available sources.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

51. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

53. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if reiterated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations.

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class and appointing Plaintiff as Representative of the Class;

b. An order certifying the undersigned counsel as Class Counsel;

c. An order requiring Defendants, at their own cost, to notify all Class members of the unlawful conduct herein;

d. Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

e. Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

f. An order for injunctive relief prohibiting such conduct by Defendants in the future;

g. Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

JENNIFER JACOBS

By: <u>/s/ David B. Levin</u>
Attorney for Plaintiff
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd.
Suite 103
Northbrook, IL 60062
Phone: (888) 595-9111, ext. 633
Fax: (866) 633-0228
dlevin@toddflaw.com